**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

ACHAK BEN ANIYUNWIYA,

       Plaintiff,

                            Case No. 2:25-cv-1406

       v.

                            Judge Michael H. Watson

W. JOSEPH EDWARDS, *et al.*,       Magistrate Judge Kimberly A. Jolson

       Defendants.

### REPORT AND RECOMMENDATION

Plaintiff, who is not currently incarcerated or detained, brings this *pro se* civil rights action under 42 U.S.C. § 1983 in connection with his arrest, initial detention, and subsequent prosecution in the Muskingum County Court of Common Pleas.  (*See* Doc. 4).  For the following reasons, the Undersigned **RECOMMENDS** that this action **be DISMISSED without prejudice** for lack of jurisdiction and failure to prosecute.

Plaintiff failed to respond to the Court's Order to Show Cause that was issued on March 12, 2026, giving him 30 days to show cause why this action should not be dismissed without prejudice on the ground that the Court lacks jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971).  (*See generally* Doc. 3).  The deadline in the Order to Show Cause has long since expired, and Plaintiff did not request an extension or otherwise respond.

"Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."  *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962); *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).  This authority is considered an "inherent power" necessary for "courts to manage their affairs so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630–31.

Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).  Accordingly, for the reasons stated in the Order to Show Cause (Doc. 3), this case should be dismissed for lack of jurisdiction under *Younger* and for Plaintiff's failure to respond to the Court's Order to Show Cause.

The Undersigned therefore **RECOMMENDS** that this case be **DISMISSED without prejudice** for lack of jurisdiction under *Younger* and for want of prosecution.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of these objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: May 11, 2026

*s/ Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

2