**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| ACHAK BEN ANIYUNWIYA, | : | Case No. 2:25-cv-1406 |
| Plaintiff, | : | |
| vs. | : | Judge Michael H. Watson<br>Magistrate Judge Kimberly A. Jolson |
| JAMES STILWELL, *et al*., | : | |
| Defendants. | : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Belmont Correctional Institution (BECI), has filed a Motion to Amend Complaint to Bring into Compliance (Doc. 10) and a Notice to Court of Loss of Eyesight. (Doc. 11). In the proposed Amended Complaint, Plaintiff alleges violations of the First, Fourth, Sixth, and Fourteenth Amendments and state-law conversion claims against Defendants Sgt. Mark Brookover, Officer James Stillwell, Captain Rice, Unknown Zanesville City Jail Captain, and Unknown Zanesville City Jail Shift Officers and defense attorney W. Joseph Edwards. (Doc. 10). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 3).

Upon the Undersigned's review, Plaintiff's Motion to Amend Complaint to Bring into Compliance (Doc. 10) is **GRANTED**. Accordingly, Plaintiff's asserted claims within his Motion will now serve as his Amended Complaint and this case's operative complaint. Consequently, the Undersigned **WITHDRAWS** the prior R&R that recommended dismissal for lack of jurisdiction and want of prosecution. (Doc. 5).

This case is currently before the Court for a *sua sponte* review of the Amended Complaint

to determine whether the Amended Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

## I. SCREENING OF THE COMPLAINT

The Undersigned begins by summarizing the applicable legal standard before turning to Plaintiff's specific allegations.

### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Allegations

Plaintiff describes four types of claims arising from a traffic stop that resulted in arrest, detention, and trial. (*See generally*, Doc. 10). Liberally construing Plaintiff's allegations, *see Erickson*, 551 U.S. at 94, the Amended Complaint can be divided into the stop and search claims against Sgt. Mark Brookover, Officer James Stillwell, and Captain Rice; the detention claims against Unknown Zanesville City Jail Captain and Unknown Zanesville City Jail Shift Officers; the ineffective assistance of counsel claims against W. Joseph Edwards; and the property claims against Sgt. Mark Brookover, Officer James Stillwell, and Captain Rice.

#### *1. Stop and Search Claims*

Plaintiff alleges that on May 15, 2025, his vehicle was stopped by Defendant Officer James Stillwell. (Doc. 4 at 7).[1] After being pulled over, Plaintiff alleges that Officer Stillwell "immediately opened his door, drew his duty weapon, and without explanation demanded [he] exit his truck." (*Id.*). In response, Plaintiff locked his door and called 911. (*Id.*). Defendant Sgt. Mark Brookover appeared at the passenger side door a "few moments later" and "with his weapon drawn and pointing directly at [his] face demanded [Plaintiff] get out of [his] truck and tried opening the door." (*Id.*). Plaintiff telephoned Sheriff Lutz (not named in this suit) as he trusted Sheriff Lutz could "deescalate the situation" and it was his "best chance of surviving it." (*Id.*). After Sherriff Lutz arrived, Plaintiff exited the vehicle and was restrained by Sgt. Brookover and Sherrif Lutz. (*Id.*). Plaintiff alleges that Sgt. Brookover then "climbed into the driver seat of [his] truck with his weapon drawn and searched the backseat" and "took a magazine from inside a pocket in the door." (*Id.*). Plaintiff asserts that Defendant Captain Rice told Sgt. Brookover "not

[1] While Plaintiff's Amended Complaint (Doc. 10) remains the operative Complaint, Plaintiff's initial filing (Doc. 4) contains facts providing context for the legal claims he advances within the Amended Complaint. The Court will reference Plaintiff's initial filing as needed.

to remove anything else until they took photos." (*Id.*). Finally, Plaintiff alleges that another officer arrived on scene with "a document said to be a warrant." (*Id.*).

Stemming from the events of this stop and search, Plaintiff claims he was "overcharged" with a "felony fleeing case that was subsequently dismissed by the judge." (Doc. 10 at 2). This "overcharge" caused Plaintiff to "suffer through months of uncertainty and undue emotional distress and caused the Plaintiff to have issues with his own family and associates, thus straining those relations." (*Id.*). Plaintiff describes that "[p]eople did not want to ride in a vehicle with Plaintiff anymore, including his loved ones, for fear that Plaintiff would 'run away from the cops' if pursued." (*Id.*). He further asserts that Officer Stillwell and Sgt. Brookover "unnecessarily and in violation of Plaintiff's right to be secure in his person, pointed guns at Plaintiff's head at direct range where there was no immediate threat from the Plaintiff, causing emotional distress and fear for his safety." (*Id.*). Finally, Plaintiff states that a "search warrant was never presented to search [his] vehicle" and that he "told the Police that they could not search his vehicle because he didn't give consent and they did so anyhow." (*Id.*).

*2. Detention Claims*

Following his arrest after the stop, Plaintiff spent a week in detention at the Zanesville City Jail. (Doc. 10 at 2). Upon arrival, Plaintiff expressed to Defendants Unknown Zanesville City Jail Captain and Unknown Zanesville City Jail Shift Officers that he had dietary needs "for religious and health purposes." (*Id.*). Plaintiff alleges that the Unknown Defendants "did not feed him according to his dietary needs," while they fed other inmates according to theirs. (*Id.*). Plaintiff alleges that he was fed only "half a banana and an apple over the course of seven days" while Unknown Defendants tried "to force him to eat foods that his diet and religious needs did not allow for." (*Id.*).

During his detention, Plaintiff describes experiencing "sickness, weakness, and degradation, as well as mental deterioration and blood sugar issues" from the lack of food. (*Id.*). After his release on bail, Plaintiff asserts that "it took him about three days of eating very small portions of food to get the ability eat back as he had lost the will or sensation to eat food due to the lack of food in the jail." (*Id.*). Finally, Plaintiff states that he lost twenty to twenty-five pounds while detained from the lack of food. (*Id.*).

*3. Ineffective Assistance of Counsel Claims*

From the events described above, Plaintiff was indicted and subsequently convicted of Failure to Comply and Improperly Handling Firearms in a Motor Vehicle in the Muskingum County Court of Common Pleas. *State of Ohio vs. Achak B. Aniyuniwiya*, Muskingum C.P. Case No. CR2025-0372, viewed at https://clerkofcourts.muskingumcounty.org/eservices/; *see Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (courts may take judicial notice of court records available online to the public).

During his case, Plaintiff alleges that his defense attorney Defendant W. Joseph Edwards "never spoke to him about [his] case in any sort of detail." (Doc. 10 at 3). He asserts that Defendant Edwards "only gave him a discovery and set him up for a plea hearing which the Plaintiff didn't take because it wasn't explained to him what he would be taking a plea for." (*Id.*). He further contends that there was no further "conversation about strategy or anything of an adversarial nature regarding [Plaintiff's] criminal matters" and that Plaintiff "proceeded to trial without counsel of the issues." (*Id.*). Additionally, Plaintiff alleges that he asked Defendant Edwards to file an appeal in his case, but that Defendant Edwards "never did." (*Id.*).

*4. Property Claims*

Finally, Plaintiff asserts state-law conversion claims against Defendants Sgt. Mark Brookover, Officer James Stillwell, and Captain Rice regarding his vehicle and personal property inside the vehicle. (Doc. 10 at 2–3).[2] Plaintiff alleges that his truck involved in the stop was "taken from him without explanation and [he] has a property interest in his vehicle." (*Id.* at 2). Additionally, Plaintiff states that, "even if the law did allow the Plaintiff's vehicle to be taken, it [does not] mean that all of his belongings in the vehicle can be taken." (*Id.* at 2–3). He says that the officers "never gave Plaintiff an opportunity to retrieve any of his property in the vehicle that had nothing to do with the case." (*Id.* at 3).

For relief, Plaintiff seeks the return of the property seized "not in accordance with the law" or "the value of such"; retraining of Defendants Sgt. Mark Brookover and Officer James Stillwell "that pointed weapons to [his] head without a security threat being presented to them"; monetary and punitive damages against Defendants Unknown Zanesville City Jail Captain and Unknown Zanesville City Jail Shift Officers for failing to feed Plaintiff while in custody; "any reasonable past, present, and future damages" against Defendants Unknown Zanesville City Jail Captain and Unknown Zanesville City Jail Shift Officers for medical bills for situations arising medically from the failure and refusal to feed Plaintiff"; and for any relief that the Court deems necessary. (*Id.* at 3).

**C. Analysis**

The Undersigned analyzes each of Plaintiff's four categories of claims separately. While the Undersigned concludes some may proceed for further development, some should be dismissed.

[2] Plaintiff identifies Defendants Sgt. Mark Brookover, Officer James Stillwell, and Captain Rice as those associated with "stop issues and seizure." (*See* Doc. 10 at 3). While Plaintiff more generally refers to "police" when describing his property claims, the identification of Sgt. Mark Brookover, Officer James Stillwell, and Captain Rice as officers related to "seizure" claims is liberally construed as encompassing Plaintiff's property claims.

*1. Proceeding Claims*

First, the Court has not yet determined whether it will exercise supplemental jurisdiction over any state-law conversion claims against Defendants Sgt. Mark Brookover, Officer James Stillwell and Captain Rice pursuant to 28 U.S.C. § 1367. In light of Plaintiff's *pro se* status, the Court will not *sua sponte* dismiss Plaintiff's state-law claims against these three Defendants and they may proceed. The Court will determine at a later stage in the proceedings whether the exercise of supplemental jurisdiction over any state-law claims is appropriate. Plaintiff is **ORDERED** to complete and file one summons form and one USM-285 form for **each** of these three Defendants **within ten (10) days**.

Second, at this stage in the proceedings, without the benefit of briefing by the parties, the Undersigned concludes that Plaintiff may **PROCEED** at this juncture for further development with his allegations regarding his detention at Zanesville City Jail; specifically, Plaintiff's Fourteenth Amendment conditions of confinement and disparate treatment claims and First Amendment religious exercise claim against Defendants Unknown Zanesville City Jail Captain and Unknown Zanesville City Jail Shift Officers. The Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

That said, some clarification is required. Ordinarily, the next step in a civil case is for the complaint and summons to be served on the defendants. Here, however, none of the proceeding defendants have been identified. So, they cannot be served. While this is not reason to dismiss the claims, it does present a challenge for the efficient handling of the case. *See Robinson v. Doe*, No.

1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009) ("Although designation of a 'John Doe' . . . defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery.").

Under these circumstances, it is appropriate to permit service of the Complaint on a high-ranking official who could identify the unknown defendants through discovery. It appears the Chief of the Zanesville Police Department Scott Comstock would know or could determine the identities of deputies or officers who were responsible for Plaintiff's rations during his week of detention at the Jail. The Court shall order service of the Summons and Complaint on Chief Comstock for this limited purpose only. *See, e.g.*, *Eckstein v. Unknown Deputies at Franklin Cnty. Corr. Ctr. II*, No. 2:24-CV-1072, 2024 WL 1930842 (S.D. Ohio May 2, 2024); *See also Mincy v. Hamilton Cnty. Just. Ctr.*, No. 1:20-cv-00822, 2021 WL 5754729, at *5 (S.D. Ohio Dec. 3, 2021) (noting that adding "Sherriff McGuffey as a party for the limited purpose of identifying the full names of the Defendants is the more pragmatic and expeditious option that preserves both this Court's and the U.S. Marshal's limited resources while acknowledging the serious nature of the allegations that Plaintiff raises in his complaint").

Once Chief Comstock is served, Plaintiff shall be permitted to serve discovery on him, but only to determine the identities of the unknown defendants. From Chief Comstock, Plaintiff may ask for the name(s) of the deputies or officers who were responsible for him and his food rations on the days of his alleged mistreatment at the Zanesville City Jail. Plaintiff may also ask for addresses where the unnamed defendants may be served, if known. However, Plaintiff is **WARNED** that Chief Comstock may object to any discovery request he believes goes beyond this limited grant.

Additionally, should Chief Comstock believe that Plaintiff's discovery requests exceed the scope of this Order, or are otherwise improper, he is instructed to contact the Undersigned's chambers.

Further, Plaintiff may serve discovery requests on Defendants Sgt. Mark Brookover, Officer James Stillwell, and Captain Rice once they have answered or responded to his Amended Complaint and the Court sets a case schedule. As part of those requests, Plaintiff may ask them for the name(s) of the deputies or officers who were responsible for him and his food rations on the days of his alleged mistreatment at the Zanesville City Jail and for addresses where the unnamed defendants may be served, if known.

Upon discovery of the full names of the unknown defendants, Plaintiff will be required to supplement his complaint to identify them. *See Slocum v. Bear*, No. 1:18-cv-423, 2019 WL 2234227, at *3 (S.D. Ohio May 6, 2019), *report and recommendation adopted*, 2019 WL 2233633 (S.D. Ohio May 23, 2019); *Murray v. Ohio Dep't of Corr.*, No. 1:14-cv-168, 2014 WL 1382401, at *4 (S.D. Ohio Apr. 8, 2014). Accordingly, Plaintiff is **ORDERED** to supplement his Complaint for the limited purpose of naming Defendants Unknown Zanesville City Jail Captain and Unknown Zanesville City Jail Shift Officers and stating which Defendant he connects to which of the allegations in his Amended Complaint **within sixty (60) days**. Also within **sixty (60) days**, Plaintiff is **ORDERED** to a motion to issue service on these defendants and provide one completed Summons form and one U.S. Marshal form for each of them. Once Plaintiff determines how many defendants to name in his supplement, he may request as many blank forms as he needs from the Clerk of Court.

If Plaintiff does not supplement his Complaint as directed, these claims will be dismissed for lack of prosecution or for failure to state a claim. Plaintiff is further **ADVISED** that no service will be issued on the unknown defendants unless he complies with this Order. He should not delay.

*See generally Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run"); Fed. R. Civ. P. 4(m) (concerning time limits for service).

However, for the reasons set forth below, the Undersigned **RECOMMENDS** the remainder of Plaintiff's Complaint be **DISMISSED**. 28 U.S.C. § 1915A(b).

*2. Official Capacity Claims*

As an initial matter, Plaintiff never specifies whether he sues Defendants Sgt. Mark Brookover, Officer James Stillwell, Captain Rice, Defendants Unknown Zanesville City Jail Captain, and Unknown Zanesville City Jail Shift Officers in their official capacities, individual capacities, or both. "If there is *no* indication that defendants are being sued in their individual capacities, the Court assumes they are being sued in their official capacities." *Moore v. City of Harriman*, 271 F.3d 769, 772 (6th Cir 2001). However, the Court may look to the "course of the proceedings" test to determine whether defendants have received enough notice to hold them individually responsible for the alleged claims. *Id*. Plaintiff seeks monetary damages against the Unknown Zanesville City Jail Captain and Unknown Zanesville City Jail Shift Officers, which is one factor indicating an intent to sue these Defendants in their individual capacities. *Id*. at 773. Furthermore, the nature of Plaintiff's claims against Defendants Sgt. Mark Brookover and Officer James Stillwell of the firearms being pointed at his head and Defendants Unknown Zanesville City Jail Captain and Unknown Zanesville City Jail Shift Officers refusing to feed Plaintiff any food compliant with his dietary and personal needs involves personal action against Plaintiff, which suggests an individualized intent. *Rose v. Reed*, No. 2:12-CV-977, 2014 WL 3547375, at *4 (S.D. Ohio July 17, 2014) (Graham, D.J.). "To the extent doubt persists that this combination of factors warrants construing the complaint as one against the defendants individually, this doubt should be

resolved in [plaintiff's] favor as a pro se plaintiff." *Id*. (citing *Lindsay v. Bogle*, 92 F.App'x 165, 169 (6th Cir. 2004)). Therefore, at this early stage in the proceedings, without the benefit of further development, the Court construes Plaintiff's complaint to sue Defendants Sgt. Mark Brookover, Officer James Stillwell, Unknown Zanesville City Jail Captain, and Unknown Zanesville City Jail Shift Officers in their official and individual capacities.

However, upon review of Plaintiff's claims against Captain Rice, the Court construes Plaintiff to sue him only within his official capacity. Plaintiff does not seek monetary damages from Captain Rice, nor does the one allegation with Captain Rice's involvement—an order for Sgt. Brookover to not remove any items from the vehicle until photos could be taken—indicate an individualized intent toward Plaintiff. Therefore, in the absence of any indication that Plaintiff seeks to sue Captain Rice in his individual capacity, the Court will assess Plaintiff's claims against Captain Rice as against his official capacity.

All that said, Plaintiff's federal claims should be dismissed as to Defendants Sgt. Mark Brookover, Officer James Stillwell, Captain Rice, Unknown Zanesville City Jail Captain, and Unknown Zanesville City Jail Shift Officers in their official capacities. These Defendants are all employed by the Zanesville City Jail. A local jail or correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *Cummings v. Middletown, Ohio City Jail*, No. 1:08-CV-248, 2008 WL 1849172, at *3 (S.D. Ohio Apr. 23, 2008) (Dlott, D.J.). A suit against Defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Even if the Court were to consider Plaintiff's Amended Complaint to pursue claims against the City of Zanesville, which can be sued under 42 U.S.C. § 1983 for its own unconstitutional practice or policy effectuated by its agents, Plaintiff has not sufficiently alleged that there was an

unconstitutional practice or policy at Zanesville City Jail to trigger *Monell* liability. Therefore, he cannot maintain suit against Sgt. Mark Brookover, Officer James Stillwell, Captain Rice, Unknown Zanesville City Jail Captain, and Unknown Zanesville City Jail Shift Officers in their official capacities. Thus, Plaintiff has failed to state a claim under *Monelll* against these Defendants in their official capacities; therefore, the Court **RECOMMENDS** that Defendants Sgt. Mark Brookover, Officer James Stillwell, Captain Rice, Unknown Zanesville City Jail Captain, and Unknown Zanesville City Jail Shift Officers be **DISMISSED** in their official capacities.

*3. Heck Doctrine*

Next, Plaintiff's allegations regarding the alleged warrantless and non-consenting vehicle search claims and overcharging claim should be dismissed under the doctrine announced under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that a civil rights lawsuit is barred if it would necessarily imply the invalidity of a plaintiff's prior criminal conviction or sentence, unless the plaintiff establishes that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 512 U.S. 486–87.

At the core of Plaintiff's alleged warrantless and non-consenting vehicle search claims and overcharging claim are a challenge to the validity of his state conviction. (*See* Doc. 10 at 3 (asking the Court "to grant relief as it deems necessary," which, by the nature of these claims, would lead to invalidity of his state conviction)). However, Plaintiff has not established any of the four avenues that would make *Heck* inapplicable to these claims. First, Plaintiff never filed a direct appeal for his convictions. Second, Plaintiff has not established that the conviction or sentence has been expunged by executive order. Third, state tribunal invalidation has not occurred in this case.

Finally, no writ of habeas corpus has been issued.[3] Therefore, to the extent *Heck* governs Plaintiff's claims, the Undersigned **RECOMMENDS** that Plaintiff's warrantless and non-consenting vehicle search claims and overcharging claim be **DISMISSED without prejudice.**

*4. 42 U.S.C. § 1983 Claim against Defense Counsel Edwards*

Next, Plaintiff's ineffective assistance of counsel claims he attempts to bring under 42 U.S.C. § 1983 fail against his defense counsel. First, Defendant Edwards was not acting under the color of state law within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 320–25 (1981). It is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Id.* at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Therefore, the Undersigned **RECOMMENDS** that Plaintiff's ineffective assistance of counsel claims against Defendant Edwards be **DISMISSED**.

*5. Failure to State a Claim*

Finally, Plaintiff's claim against Defendants Sgt. Mark Brookover and Officer James Stillwell regarding the excessive force claim under the Fourth Amendment of pointing their firearms "at his head" during the traffic stop should also be dismissed. In his initial filing, Plaintiff alleges that, after he pulled over, Defendant Officer Stillwell "immediately opened his door, drew his duty weapon, and without explanation demanded [he] exit his truck." (Doc. 4 at 7). In response, Plaintiff locked his door and called 911. (*Id.*). According to Plaintiff, Defendant Sgt. Mark Brookover appeared at the passenger side door a "few moments later" and "with his weapon drawn

[3] Plaintiff has a pending habeas corpus action within this Court: *Aniyunwiya v. Belmont Correctional Institution*, Case No. 2-26-cv-913, Doc. 1 (S.D. Ohio 2026).

and pointing directly at [his] face demanded [Plaintiff] get out of [his] truck and tried opening the door." (*Id.*).

In the context of alleged excessive force during an investigative traffic stop, the Fourth Amendment's objective reasonableness inquiry—"whether the officers' actions are 'objectively reasonable' in the light of the facts and circumstances confronting them, without regard to their underlying intent or motivation"—governs the analysis. *Graham v. Connor*, 490 U.S. 386, 396 (1989). A standard of "reasonableness at the moment applies: 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." *Id*. (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973)). Some factors assessed in the objective reasonableness injury are "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. But, at base, the Court must consider the "totality of the circumstances." *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1004 (6th Cir. 2024); *see also Moore v. City of Memphis*, 853 F.3d 866, 870 (6th Cir. 2017) ("An officer's use of force is excessive if, under the totality of the circumstances, the force was objectively unreasonable.").

Here, the Undersigned finds Plaintiff's allegations insufficient under the objective reasonableness analysis. Plaintiff, by his own admission, was actively failing to comply with the officers' instructions to exit the vehicle. (Doc. 4 at 7 (stating that "he locked the door and called 911" and did not exit until Sheriff Lutz appeared on the scene)). Additionally, Plaintiff was charged and convicted of Improperly Handling Firearms in a Motor Vehicle, pursuant to O.R.C. § 2923.16(B). That subsection of the statute instructs that "[n]o person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." *See* O.R.C. § 2923.16(B). Plaintiff's

conviction under this statute indicates that he had a loaded firearm in the vehicle that was accessible to him at the time of the traffic stop, a factor that, contrary to his assertion in his Amended Complaint, *would* pose an immediate threat to the safety of the officers.

Additionally, under similar facts, courts have concluded that such allegations of officers drawing their weapons "require at least *de minimis* physical injury." *See Cummings v. Ohio*, No. 2:24-CV-4041, 2025 WL 2242756, at *6 (S.D. Ohio Aug. 6, 2025) (Jolson, M.J.), *report and recommendation adopted*, No. 2:24-CV-4041, 2025 WL 2653823 (S.D. Ohio Sept. 16, 2025) (Sargus, D.J.) (citing *Youngblood v. City of Paducah*, No. 5:15-cv-60-TBR, 2016 WL 2643030, at *4 (W.D. Ky. May 6, 2016) (quoting *Rodriguez*, 637 F.3d at 687) (finding the plaintiff's excessive force claim where she alleged "the police entered like a herd of wild Bison and pointed military style weapons at her" failed to state a claim "because she has not alleged even a *de minimis* physical injury") (collecting cases)). In his Amended Complaint, Plaintiff's one-sentence excessive force claim does not assert any physical injury caused by the incident, only "emotional distress and fear for his safety." (Doc. 10 at 2). While the circumstances presented to the Undersigned are sparse, the totality of those circumstances do not suggest the force used against a plaintiff in possession of a loaded firearm within reach and failing to comply with the officers' instructions was objectively unreasonable. Therefore, the Undersigned **RECOMMENDS** that Plaintiff's claim against Defendants Sgt. Mark Brookover and Officer James Stillwell regarding the alleged excessive force during the traffic stop be **DISMISSED without prejudice**.

***

In sum, the Undersigned finds that Plaintiff's Fourteenth Amendment conditions of confinement and disparate treatment claims and First Amendment religious exercise claim against Defendants Unknown Zanesville City Jail Captain and Unknown Zanesville City Jail Shift

Officers may proceed. Additionally, because the Court has not yet determined whether it will exercise supplemental jurisdiction over any state-law conversion claims, those claims against Defendants Sgt. Mark Brookover, Officer James Stillwell and Captain Rice may proceed as well. But, the Undersigned **RECOMMENDS** the Court **DISMISS** Plaintiff's Complaint as to all Defendants sued in their official capacities for failure to state a claim under *Monelll*. Furthermore**,** the Undersigned **RECOMMENDS** that Plaintiff's warrantless and non-consenting vehicle search claims and overcharging claim be **DISMISSED without prejudice** as barred by *Heck*. Additionally, the Undersigned **RECOMMENDS** Plaintiff's ineffective assistance of counsel claims against Defendant Edwards be **DISMISSED**. Finally, the Undersigned **RECOMMENDS** that Plaintiff's excessive force claim against Defendants Sgt. Mark Brookover and Officer James Stillwell during the traffic stop **be DISMISSED without prejudice** for failure to state a claim**.**

## II. PLAINTIFF'S NOTICE TO COURT / MOTION FOR APPOINTED COUNSEL

As noted above, Plaintiff in his Notice to Court of Loss of Eyesight informs the Court that he is "having surgical procedures because [he] is going blind." (Doc. 11). He relates that he is "unable to read documents" and others "read them to [him] and then [he] must have them write what [he] wishes the Court to know." (*Id.*). Because he alleges that the person helping him will be released and that he would no longer have help, Plaintiff asks the Court for relief "with any remedy deemed necessary." (*Id.*). The Undersigned liberally construes Plaintiff's Notice as a Motion to Appoint Counsel.

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by

exceptional circumstances. *Id.* at 605–06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and, in exceptional circumstances, will attempt to appoint counsel at an earlier stage of the litigation. While the Undersigned is sympathetic to Plaintiff's physical ailments, no such circumstances appear in this case, at this time. As our sister court in the Eastern District of Michigan has recently reiterated:

> An 'exceptional circumstance' is something 'beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness.'" (ECF No. 18, PageID.67) (quoting *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017)). The difficulties of litigating a case due to incarceration alone do not warrant appointment. *See, e.g.*, *Jeter v. Lawless*, No. 1:19-CV-623, 2019 WL 6044202 (S.D. Ohio Nov. 15, 2019) (no exceptional circumstances found where plaintiff alleged difficulty in litigating matter due to incarceration and placement in segregation).

*Sanders v. Purdom*, No. 2:23-CV-11413, 2024 WL 4294635, at *1 (E.D. Mich. Sept. 25, 2024). Consequently, Plaintiff's motion to appoint counsel (Doc. 11) is **DENIED without prejudice.**

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Court **DISMISS** Plaintiff's Amended Complaint as to Defendants Sgt. Mark Brookover, Officer James Stillwell, Captain Rice, Unknown Zanesville City Jail Captain and Unknown Zanesville City Jail Shift Officers in their official capacities for failure to state a claim under *Monelll*.

2. The Court **DISMISS WITHOUT PREJUDICE** Plaintiff's warrantless and non-consenting vehicle search claims and overcharging claim as barred by *Heck*.

3. The Court **DISMISS** Plaintiff's ineffective assistance of counsel claims against Defendant Edwards.

4. The Court **DISMISS WITHOUT PREJUDICE** Plaintiff's allegations regarding the excessive force incident involving the traffic stop against Defendants Sgt. Mark Brookover and Officer James Stillwell for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Fourteenth Amendment conditions of confinement and disparate treatment claims and First Amendment religious exercise claim against Defendants Unknown Zanesville City Jail Captain and Unknown Zanesville City Jail Shift Officers **MAY PROCEED**.

2. Because the Court has not yet determined whether it will exercise supplemental jurisdiction over any state-law conversion claims, those claims against Defendants Sgt. Mark Brookover, Officer James Stillwell and Captain Rice **MAY PROCEED**.

3. Plaintiff must file a supplement to the Complaint and motion to issue service, as described above, setting forth the identity of the unidentified Defendants **within sixty (60) days**. Plaintiff is advised that no service with be issued on the unnamed Defendants unless Plaintiff complies with this Order.

4. The Clerk shall mail Plaintiff four blank summons forms and four blank USM-285 forms.

5. Plaintiff shall fully complete one summons form and one USM-285 form for Chief of the Zanesville Police Department Scott Comstock and file them **within ten (10) days**. Once he has completed this, the Court will direct service as to this party for the limited purpose of identifying the unnamed defendants, described above.

6. Plaintiff shall fully complete summons and USM-285 forms for **each** of Defendants Sgt. Mark Brookover, Officer James Stillwell and Captain Rice and file them **within ten (10) days**. Once he has completed this, the Court will direct service on these Defendants.

7. The Clerk shall mail Plaintiff a copy of the Southern District of Ohio's Guide for Pro Se Litigants. Plaintiff shall read the guide and pay particular attention to the information on pages 9–11 ("Service of Process), 12 ("After Service of Process"), 13–14 ("Requirements for Filing Documents"; "Deadlines for Filings"; and "Pretrial Stage"), 15 ("Discovery"), and 30–35 ("Guidance for Completing Service of Process Forms").

8. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

9. The prior Report and Recommendation that recommended dismissal for lack of jurisdiction and want of prosecution (Doc. 5), is withdrawn.

Date: August 18, 2026

/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on

timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).